Jacob Meyer, Complainant, and Angelo Paolella et al., Defendants, Defendants in Error, v. I. Lurya Lumber Company et al., Interveners, Plaintiffs in Error.

Gen. No. 22,629.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed January 22, 1917.

## Statement of the Case.

Bill by Jacob Meyer, complainant, against Angelo Paolella and others, defendants, I. Lurya Lumber Company and others, interveners, involving questions affecting mechanics' liens. From the denial of a motion by the interveners to set aside an order dismissing the suit at complainant's cost for want of prosecution, the interveners bring error.

The cause was referred July 1, 1913, to a master in chancery, who was later appointed a special commissioner. September 24, 1915, the court ordered the special commissioner to file his report by October 6, 1915, and set the cause for hearing on that date. October 13, 1915, the suit was dismissed, and on February 14, 1916, the interveners filed motion to set aside the order of dismissal.

SAMUEL W. NEWMAN, for plaintiffs in error.

JOHN S. REYNOLDS and I. B. PERLMAN, for defendants in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1268*—*when presumed that proceedings in suit in equity were regular.* No certificate of evidence being filed, *held* that the regularity of all proceedings, the giving of proper notices, and that the parties were in court when an order was entered requiring a special commissioner to file his report and when a cause was set for hearing, will be presumed in a suit in equity.

2. EQUITY, § 341*—*when chancery suit may be dismissed for want of prosecution while still before special commissioner.* Where, in a suit in chancery, an order was entered requiring a special commissioner to file his report by a certain date, *held* that it devolved upon the parties to close their proof within the time limited by the order, or so much earlier as to enable the commissioner to comply with the order to file his report, and upon the parties' failure so to close their proof and of the commissioner to file his report, that the cause might properly be dismissed for want of prosecution.

3. EQUITY, § 362*—*when court may not vacate order of dismissal of suit.* A court has no jurisdiction to entertain a motion to vacate an order of dismissal of a suit after the lapse of the term at which such order was entered.

4. APPEAL AND ERROR, § 274*—*what is a final order.* An order dismissing a bill for want of prosecution is a, final order.

5. EQUITY, § 341*—*when chancery suit properly dismissed for want of prosecution.* When proper notices are given and the parties are in court at the time an order is entered upon a special commissioner in a chancery suit to file his report, and the cause is set for hearing, the court, if the parties do not appear at the time the case is called for trial, may dismiss it for want of prosecution.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.